■ PIZZA CARNIVAL CORPORATION, Appellant, v. JEFFERSON SHOPPING CENTER, INC., et al., Respondents.— Order and judgment (one paper) of the Supreme Court, Suffolk County, dated June 15, 1966, reversed, on the law and the facts, and new trial granted, with costs to abide the event. The findings of fact implicit or contained in the opinion below are reversed. Plaintiff instituted this action inter alia to enjoin defendant Jet Age Restaurant, Inc.,

from operating and maintaining, and defendant Jefferson Shopping Center, Inc., from permitting the operation and maintenance of, a drive-in ice cream, hamburger and barbecued chicken business in violation of a restrictive covenant contained in plaintiff's lease which granted plaintiff the exclusive right to maintain a restaurant-luncheonette and pizzeria. The complaint was dismissed at the end of plaintiff's proofs on the issue of violation of the covenant, on the ground that Jet was not operating a restaurant, luncheonette or pizzeria and that plaintiff had failed to make out a prima facie case of violation of the covenant. In our opinion, under all the circumstances adduced, plaintiff established prima facie that Jet's type of operation is similar and competitive with plaintiff's luncheonette and take-out operation insofar as Jet purveys and/or sells the following items: the cheese sandwich, the shrimp in the basket and chicken other than barbecued chicken and cold picnic chicken. Accordingly, in our opinion, plaintiff made out a prima facie case of a limited violation of the covenant, as herein indicated (cf. *Arista Luncheonette* v. *Haraan Operating Corp.*, 1 A D 2d 681, affd. 1 N Y 2d 724; *Weiss* v. *Mayflower Doughnut Corp.*, 1 N Y 2d 310). Beldock, P. J., Brennan, Rabin, Hopkins and Benjamin, JJ., concur.